UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Jeanne McNally,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Conrad Credit Corporation,<br><br>　　　　　　Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Conrad Credit Corporation ("Conrad") is a collection agency operating from an address of 476 West Vermont Avenue, Escondido, California 92025 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Conrad's registered address in the state of Minnesota is 405 2nd Avenue S, CT Corp. System, Inc., Minneapolis, Minnesota 55401.

## FACTUAL ALLEGATIONS

6. In or around 1996 through 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with Vacation Village Bonaventure 2 in the approximate amount of $9,000 in connection with an allegedly unpaid maintenance fee.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Conrad for collection from Plaintiff.

8. Conrad sent a dunning collection letter, dated June 22, 2011, to Plaintiff via U.S. Mail.

9. The June 22 letter contained the 30-day validation notice.

10. The June 22 letter is authored by Conrad's debt collector, "P. Miller."

11. Plaintiff sent Conrad a letter on or around July 10, 2011.

12. The letter is dated July 10, 2011.

13. The July 10 letter contained language disputing the debt and requesting Conrad to validate and provide verification of the debt.

14. Conrad, to date, has failed to provide Plaintiff with information responsive to Plaintiff's request for validation and verification of the debt.

15. Conrad has continued to engage in collection efforts regarding the debt.

16. Those efforts include a letter to Plaintiff, dated July 27, 2011.

17. The author of the July 27 letter is Conrad's debt collector, "Carrie Stevens."

18. Those efforts include a series of calls—at least once a month—from July 2011 through present.

19. Plaintiff received calls from Conrad's debt collectors, including calls from "Carrie Stevens" and "Linsey Lock."

20. Calls from "Carrie" include, but are not limited to, calls on December 14, 2011 at or around 11:11 AM; December 16, 2011 at or around 2:33 PM; and December 21, 2011 at or around 5:53 PM.

21. Calls from "Linsey" include, but are not limited to, calls on March 23, 2012; March 28, 2012; and April 4, 2012.

22. Conrad lacked a Minnesota collection agency license at all times relevant to this action.

23. Conrad's license expired on June 30, 2003.

### *Summary*

24. The above-described collection activities by Defendant Conrad were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692g(b).

*Respondeat Superior Liability*

25. The acts and omissions of debt collectors employed as agents by Defendant Conrad who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant Conrad.

26. The acts and omissions by these debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Conrad in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, these debt collectors were motivated to benefit their principal, Defendant Conrad.

28. Defendant Conrad is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

**TRIAL BY JURY**

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692** *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

32. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Dated: May 1, 2012                          *s/Joshua R. Williams*
                                            Joshua R. Williams (#389118)
                                            jwilliams@jrwilliamslaw.com
                                            2701 University Avenue SE, Suite 209
                                            Minneapolis, Minnesota 55414
                                            (612) 486-5540
                                            (612) 605-1944 Facsimile

                                            **ATTORNEY FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff McNally, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Jeanne McNally

Subscribed and sworn to before me
this 1st day of MAY, 2012.

_____
Notary Public

JOSHUA REACE WILLIAMS
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2015